No. 14,708.

BOGUE *v*. MILES ET AL.

(111 P. [2d] 1055)

Decided March 17, 1941. Rehearing denied April 7, 1941.

Mr. CLARENCE L. IRELAND, Mr. HAROLD D. TORGAN, Mr. R. H. BLACKMAN, SR., for plaintiff in error.

Messrs. LEE, DOUD & GRIFFITH, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there.

Plaintiff brought this suit to quiet title to three lots in Denver. Defendants answered claiming title under their tax deed, described in the complaint, and by cross complaint asserted ownership of the fee, prayed that it be adjudicated, and that they have possession and damages for plaintiff's wrongful retention thereof. Appropriate reply followed and the cause was tried to the court resulting in judgment for defendants. To review that judgment this writ is prosecuted.

Under the undisputed proof and certain stipulations and concessions, in the trial court and in this, it is agreed that plaintiff is the owner of the fee and entitled to judgment unless divested by defendants' tax deed, and that said tax deed conveys title unless invalid for failure to give notice of intention to issue it, or invalid because of irregularity in the conduct of the sale. Since we conclude that the first objection to this tax deed is good we find it unnecessary to consider the second.

"Every tract of land, and each town or city lot, shall be valued and assessed separately, except when one or more adjoining tracts or lots are returned by the same person, in which case they shall be valued separately and *assessed jointly;* * * *." '35 C.S.A., vol. 4, c. 142, §139.

"Before any purchaser * * * of any land, town or city lot * * *, hereafter sold for taxes, * * * of the *assessed* valuation of $100.00 or more, * * * shall be entitled to a deed * * *, he shall make request upon

the county treasurer, who shall then comply with the following, to wit:" i. e., serve notice "of such purchase," stating:

"When the applicant or his assignor purchased the land or lot, in whose name it was taxed, the description * * *, for what year taxed, * * * and when the time of redemption will expire, or when the tax deed shall be issued. * * *." And serve such notice on the persons (of whom in this case plaintiff was one) and in the manner directed. '35 C.S.A., vol. 4, c. 142, §255.

In the instant case the three lots here involved were contiguous, unimproved, and owned by and assessed to the same person. They were valued at $50 each and scheduled and assessed at a lump sum of $150, which later was reduced to $140. No request was made and no notice given as provided by said section 255. If such notice was required defendants' tax deed could not issue. They make the contention here that the separate valuation of the lots controls, hence no such notice was necessary. Plaintiff contends that the controlling amount was the total assessed valuation of the three lots, i. e., $140, hence notice was imperative.

It will be observed that said section 139 provides for *joint assessment,* and said section 255 makes notice indispensable when the *land sold for taxes* is of the *assessed valuation* of $100 or more. It follows therefore that the express provisions of these statutes made the notice indispensable in the instant case. This is doubly reinforced by reason. The evident purpose of the acts is to forbid the issuance of deed where the property is of substantial value without giving notice to those interested, and particularly to one having the right of redemption. The construction contended for by defendants would often defeat this purpose. It is conceivable that the fee owner of one-fourth of the lots in a fair sized city, worth a small fortune, might discover that a tax deed had issued without notice to him and his right of redemption had thereby been cut off.

■ We think the assessment must be determined from the "assessment roll." Apparently we have neither legislative nor judicial definition in this jurisdiction of assessment roll. But it is comparatively easy to determine that it is neither the "field book" nor the "Block book," as here contended, nor both. 5 C. J., p. 821; 61 C.J., p. 703, §864; '35 C.S.A., c. 142, §91.

It must be borne in mind that these lots were advertised, sold, and certificate issued for them, as a single parcel. It is well to remember the rule of interpretation laid down by Cooley on Taxation (3d ed.), vol. 2, p. 1023.

For the reasons given the judgment is reversed and the cause remanded for further proceedings in harmony herewith.

Mr. Justice Bakke dissents.