## No. 21935.

Bald Eagle Mining and Refining Company, a Colorado corporation v. L. J. Brunton, Dorothy F. Atkisson, Oscar G. Atkisson, E. A. Fain, Hazel N. Fain, Hazel Nell Fain, Russell C. Taylor, Joyce E. Taylor, J. G. Mortensen, and all unknown persons who claim any interest in the subject matter of this action.

(437 P.2d 59)

Decided February 5, 1968.

Sanford D. Coleman, for plaintiff in error.

Ryan, Sayre, Martin, Brotzman, Knapple & Caplan, for defendants in error.

*In Department.*

Opinion by Mr. Justice Pringle.

This writ of error is directed to an order of the District Court of Boulder County granting defendants' motion to dismiss at the close of plaintiff's case. The plain-

tiff in error, Bald Eagle Mining and Refining Company, was plaintiff below in an action to quiet title to 19 mining claims against L. J. Brunton, the purchaser of the claims under two tax deeds, and eight persons asserting an interest in the claims by virtue of conveyances from Brunton. Plaintiff in error will be referred to as plaintiff or Bald Eagle, and defendant in error as defendant or Brunton.

Bald Eagle's suit against Brunton and his grantees attacked the validity of the tax deeds on the ground that the county treasurer had not complied with the notice requirements of C.R.S. '53, 137-10-28. In granting the defendants' motion to dismiss, the trial court held that plaintiff had failed to overcome the prima facie validity of the tax deeds. We reverse.

Thirteen of the mining claims were sold to Brunton in 1953, and an additional six in 1954, for unpaid taxes for the years 1952 and 1953, respectively. Title to the claims stood in the names of Gold Uranium Mining Company and Ward Tungsten and Gold Mines, Inc. These corporations deeded the claims to Bald Eagle in 1957, in a transaction described by Bald Eagle's president as a "merger." All three corporations had the same address: 405 Interstate Trust Building, Denver, Colorado.

Brunton applied for tax deeds in 1959. Notices of the applications were published in the Boulder Camera and copies of the notices mailed to Bald Eagle at 1640 Court Place, an address which appeared on the tax rolls furnished by the county assessor. George S. Groves, president of Bald Eagle, testified that no notice of the applications was ever received by Bald Eagle. An employee of the Jackpot Oil Company, whose offices were at the Court Place address, testified that she signed the return receipts as "agent" of Bald Eagle by mistake, and that she was without authority to do so. The record shows no connection of Jackpot Oil Company with Bald Eagle other than as assignee of a lease to the Bald Eagle Mine in *Gilpin County*, owned by Bald Eagle. There is nothing

in the record to show how the Court Place address came to be on the tax rolls.

The undisputed evidence further disclosed that the ownership cards in the assessor's office and the copy of the deed in the assessor's files, from which the assessor transferred the properties on her rolls to the name of Bald Eagle, all contained the correct address of Bald Eagle. In addition, the records of the clerk and recorder in the same court house in which the treasurer was located also contained the correct address of Bald Eagle. Finally, the undisputed testimony was that one year prior to the application for deed in issue here, the treasurer had begun proceedings to issue a tax deed on other property owned by Bald Eagle in Boulder County and had sent the notice to Bald Eagle's correct address, which she had obtained from the clerk and recorder. As a result, Bald Eagle had redeemed that property before the deed issued.

It is true, as the trial court found, that under C.R.S. '53, 137-10-37, which is the statute applicable here, the treasurer's deed is prima facie evidence of the regularity of the proceedings. *Richardson v. Halbekann,* 97 Colo. 175, 48 P.2d 1014; *City and County of Denver v. Bach,* 92 Colo. 594, 22 P.2d 1114. But the presumption of regularity raised is a rebuttable one and when evidence is presented which shows that the proceedings did not follow the statutory requirements, the deed must be set aside. *Colpitts v. Fastenau,* 117 Colo. 594, 192 P.2d 524, cited by the trial court, does not compel a different conclusion. We only held there that evidence that officials were unable to remember the precise procedure they had followed was insufficient to overcome the effect of their own recitals in the affidavits and the deed itself.

C.R.S. '53, 137-10-28 requires, in pertinent part, that notice must be served "upon all persons having an interest or title of record in or to the premises, *if upon diligent inquiry the residence of such persons can be learned."* (Emphasis added.) Plaintiff had title of record

and this portion of the statute applies to it. The statute directs the treasurer to make diligent inquiry to learn the address of the record owner and serve notice upon him at that address if it can be learned. In both *Walter v. Harrison,* 101 Colo. 14, 70 P.2d 335 and *Olson v. Tax Service Corp.,* 102 Colo. 75, 76 P.2d 1113, cited by the trial court as authority for its judgment, the treasurer did not rely solely on the address contained on the assessor's rolls, but had sought and obtained verification from other sources. In the instant case, a check of the records in the assessor's office itself or in the clerk and recorder's office would have revealed the correct address. Certainly blind reliance on erroneous assessor's rolls when the correct address was easily available to the treasurer does not satisfy the diligence requirements of the statute, nor does it permit forfeiture of property when the owner of the property does not receive notice of the impending forfeiture because of the lack of diligent inquiry on the part of the treasurer.

Defendant further argues that, since the records of the proceedings leading to issuance of the tax deeds were regular on their face, an attorney examining those records would be justified in declaring the title to be marketable, and therefore, the purchaser of the tax title should be protected by an almost unrebuttable presumption of validity. We do not agree. C.R.S. '53, 118-7-11 (now C.R.S. 1963, 118-7-11) makes a title acquired by tax deed virtually invulnerable to attack after it has been of record seven years. C.R.S. '53, 137-11-1 and 2 (now C.R.S. 1963, 137-10-1 and 2) impose other periods of limitation on actions for recovery of real property sold for taxes. Such statutes provide sufficient protection for the purchasers of property under tax deeds without further limitations being imposed by the courts. Until the applicable periods of limitation have expired, tax deeds, even though valid on their face, are subject to attack for irregularities in the proceedings. Otherwise, there would be no need for statutes of limitation.

■■ Since this case is here on a motion to dismiss, the evidence must be looked at in the light most favorable to plaintiff. Viewed in that light, the record as it presently stands shows that tax deeds were issued to Brunton conveying property owned by Bald Eagle without any actual notice to Bald Eagle that its statutory right of redemption was about to expire; that the county treasurer, in fulfilling her statutory duty to notify plaintiff of the impending conveyance of its property, relied solely upon the address on the tax rolls furnished her by the county assessor, and that such address was erroneous. There is nothing in the record to indicate that the error resulted from any act of the plaintiff, or that plaintiff knew of the error. The record does indicate that a search of the clerk and recorder's records, or of the records in the office of the assessor, would have revealed the correct address. Under the circumstances of this case, we hold that the county treasurer failed to make diligent inquiry to ascertain plaintiff's correct address. The trial court, therefore, erred in granting defendants' motion to dismiss at the close of plaintiff's case.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.