## 45046. STEELMAN v. ASSOCIATES DISCOUNT CORPORATION.

JORDAN, Presiding Judge. This is an action by the assignee against the maker on a security agreement covering the conditional sale of an automobile, to recover the balance due on default, allowing credit for the net proceeds of the sale of the security and other credits. The court directed a verdict for the plaintiff and entered judgment thereon. The defendant, Mrs. Ruth Steelman, appeals, asserting three issues: 1. Was the plaintiff protected as a holder in due course? 2. Was the plea of non est factum sufficient? 3. Was the notice to the defendant sufficient? *Held:*

1. The defendant admitted the substance of the contract in her defensive pleadings, controverting only the description of the automobile as "Used" instead of "New." She testified that the automobile was sold to her as a new automobile, and that she signed the papers in blank with this understanding, whereas in fact the automobile was used. There is nothing in her testimony, however, to disclose any misunderstanding as to the amount of the indebtedness or the mode of payment, or that she received a different automobile from the one she purchased, or that the plaintiff, as the assignee of the contract, was aware of any misrepresentation of ·the condition of the automobile, or aware that she had signed the papers in blank, or had any knowledge whatsoever of the transaction except as disclosed by the completed papers.

Under the pleadings and the evidence the assignee clearly qualifies as a holder in due course who took (a) for value, (b) in good faith, (c) and without notice of any defense. See Ga. L. 1962, pp. 156, 252 (*Code Ann.* § 109A-3—302 (1)). Even if the plaintiff had knowledge that an incomplete instrument had been completed, this is not notice of a defense, unless the plaintiff had notice of improper completion. Ga. L. 1962, pp. 156, 254 (*Code Ann.* § 109A-3—304 (4) (d)).

As a holder in due course the plaintiff was protected from (1) all claims and (2) all defenses by a party with whom the holder had not dealt, except (a) infancy, (b) other inca-

pacity, duress, or illegality as renders the obligation a nullity, (c) misrepresentation which induced the party to sign without knowledge or reasonable opportunity to obtain knowledge or reasonable opportunity to obtain knowledge of its character or essential terms, (d) discharge in insolvency proceedings, and (e) any other discharge of which the holder has notice when he took the instrument. Ga. L. 1962, pp. 156, 255 (*Code Ann.* § 109A-3—305).

The only defense that could possibly be involved herein would be misrepresentation, and the defendant's own testimony falls far short of disclosing that she was induced to sign without knowledge or reasonable opportunity to obtain knowledge of the character of the agreement or its essential terms.

2. The defendant not only fails to deny the existence of a contract in her pleadings, which are not under oath, but she admits signing the agreements and making three monthly payments under the terms thereof. A plea of non est factum is a denial of the execution of a contract. See former *Code* § 81-701, repealed by § 135 (q) of the Civil Practice Act (Ga. L. 1966, pp. 609, 687; *Code Ann.* § 81A-201). This definition is still preserved in the language of *Code* § 20-801, which requires the denial of the execution or existence of a contract by a plea on oath. Also, under the Uniform Commercial Code, a signature to an instrument is admitted unless specifically denied in the pleadings. Ga. L. 1962, pp. 156, 256; *Code Ann.* § 109A-3—307 (1). The pleadings eliminate non est factum as a material issue.

3. The printed portion of the contract which the defendant signed provides that upon default "all unpaid instalments shall immediately become due and payable without notice or demand and the holder hereof may, without notice or demand and with or without process of law enter any premises where said motor vehicle may be and take possession of it and sell it at public or private sale with or without notice."

Notwithstanding these provisions of the contract, however, the defendant pleaded that "she was not furnished with a notice that the car would be sold, and what date same would be sold." The evidence discloses that timely notice of intended private sale was sent by certified mail to the defendant, and that receipt was acknowledged by Mrs. Donald Stuhman as the agent of the addressee, listed on the receipt as "Mrs. Ruth

Stuhman." The handwritten names on the receipt could also be read as "Steelman" instead of "Stuhman." The defendant and Mrs. Donald Stuhman, or Steelman, live on the same rural route. The defendant testified that Mrs. Stuhman was her sister-in-law, who lived about four or five miles from where she lived, and that she did not remember whether Mrs. Stuhman had ever mentioned receiving the notice: She also denied ever seeing the notice, or any knowledge of it.

Irrespective of whether the agreement here comes under the provisions of Article 2—Sales, or Article 9—Secured Transactions, or both, the rights of a secured party in possession of the security on default of the debtor are governed by Article 2 of the Uniform Commercial Code. See Ga. L. 1962, pp. 156, 389; 1963, pp. 188, 197 (Code Ann. § 109A-9—113). Article 2 requires that the "seller must give the buyer reasonable notification" of intended private sale, and Article 9, with specified exceptions, requires that "reasonable notification of the time after which any private sale . . . is to be made shall be sent . . . to the debtor." Ga. L. 1962, pp. 156, 226, 423 (Code Ann. §§ 109A-2—706 (3), 109A-9—504 (3)). Obligations of "reasonableness and care . . . may not be disclaimed by agreement," but the parties may agree to the standards to be applied if they "are not manifectly unreasonable." . Ga. L. 1962, pp. 156, 158 (Code Ann. § 109A-1—102 (3)). Clearly the requirement here involved is one of the buyer giving the seller reasonable notification as distinguished from the seller receiving such notification. "A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." Ga. L. 1962, pp. 156, 164 (Code Ann. § 109A-1—201 (26)).

In view of the above, even though the provisions for waiver of notice as expressed in the contract may be invalid under the Uniform Commercial Code, the real issue is not whether the defendant received notice, but whether the plaintiff took reasonable steps to give notice to her. While what is reasonable would ordinarily be a matter for jury determination, we think that here, in using certified mail, return receipt requested, the plaintiff took reasonable steps as a matter of law, to give the other party notice, notwithstanding the testimony of the

defendant disclaiming receipt or knowledge of the notice, even if accepted as true.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED JANUARY 9, 1970—DECIDED APRIL 7, 1970.

*John D. Edge,* for appellant.
*Pittman & Kinney, Maurice M. Sponcler, Jr.,* for appellee.