**No. C-566**

**H. Ralph Siddoway, Administrator of the Estate of William H. Siddoway, Deceased v. Howard Ainge and Vera Belle Ainge, and all unknown persons who claim any interest in the subject matter of this action**

(538 P.2d 110)

Decided July 21, 1975.                    Rehearing denied August 5, 1975.

Pleasant, Peck and Lawrence, William V. Lawrence, for petitioner.

Worth F. Shrimpton, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Certiorari was granted by this court for purposes of reviewing the Court of Appeals' decision of *Siddoway v. Ainge*, 34 Colo. App. 210, 526 P.2d 669 (1974). We now affirm.

This action originated as a Rule 105 proceeding, initiated by H. Ralph Siddoway, Administrator of the Estate of William H. Siddoway, Deceased, to quiet title to real property situated in Moffat County, Colorado.

The central issue of this case is whether or not the County Treasurer made a "diligent inquiry" as to the correct address of the owner of the real property and gave proper notice to the parties in interest prior to issuance of the tax deed to the property in question.

A tax certificate for the property in controversy was purchased by the respondents, Howard and Vera Belle Ainge, at a tax sale for the 1963 taxes conducted by the Moffat County Treasurer on December 7, 1964. The respondents applied for and received a treasurer's tax deed to the subject property on August 13, 1971. At and prior to the time of the sale of the 1963 taxes, the subject property was assessed on the tax roles to the W. H. Siddoway Estate (a Utah estate), in care of the petitioner, Ralph Siddoway, Box 327, Vernal, Utah. There were no probate proceedings in Moffat County. In 1965 the local post office of Vernal, Utah renumbered their post office boxes and the petitioner's box was changed from Box 327 to Box 387. No notice of this change was sent to the Treasurer of Moffat County.

Previous to the time in question, numerous tax notices were sent to the W. H. Siddoway Estate, in care of the petitioner, Box 327, Vernal, Utah, none of which were returned to the treasurer. However, the notice of request for a tax deed was returned to the treasurer. The post office stamps on the envelope indicate a Craig, Colorado cancellation stamp

bearing date "April 7, 1971"; a "1st Notice - May 8, 1971"; "Notified May 28, 1971"; "Returned to Writer." This particular stamp listed several reasons for the return to the sender and provided space to check the applicable reason. The blank checked was illegible.

The "first notice" and "notified" stamps indicate the date that yellow slips were put in Mr. Siddoway's box to advise him that the post office was holding a certified letter for him.

The postmaster of Vernal, Utah testified that he knew the petitioner and that the change in the box number would probably not cause the letter to not be delivered; that all experienced personnel employed in the post office would know Mr. Siddoway. It was the policy that misaddressed mail not be returned to the sender until an experienced clerk had reviewed it. Also, we note, the stamp listing the reasons for returning "to writer" contained a blank for "unknown" addressees. This was not checked nor was it explained in the testimony of the postmaster.

When the notice of request for a tax deed was returned to the county treasurer as an unclaimed item, the treasurer rechecked the records of the county assessor's office to determine whether the listed address was correct. The treasurer's search did not divulge any address for the owner of the subject property other than Box 327. In fact, the petitioner had received subsequent property assessment notices which had been sent to this address during the years of 1969 and 1970. However, at another time, personal correspondence concerning an unrelated matter and bearing the petitioner's correct address was found in the treasurer's files. This correspondence, however, was not discovered until after this litigation was commenced and only at the suggestion of the petitioner that it existed.

A trial was held on October 31, 1973, and, as indicated above, the focal issue was whether the county treasurer made a "diligent inquiry" to ascertain the petitioner's proper address as required by 1965 Perm. Supp., C.R.S. 1963, 137-11-28(1)(b).[1] The court found that

"the County Treasurer of Moffat County made 'diligent inquiry' as to the correct address of the owner of the property in question, and that the only address that he or the County Assessor had ever had for the W. H. Siddoway Estate was Box 327, Vernal, Utah."

In addition to this finding, the court found that the petitioner had failed to notify the county assessor of any change of address prior to September 9, 1971, and that the petitioner had similarly failed to inform the assessor that he had been appointed as administrator of the W. H. Siddoway Estate. Parenthetically, we note that the change in the post office box occurred in 1965. The court ruled that the personal letter in the treasurer's files bearing the petitioner's correct address was irrelevant and, as such, inadmissible into evidence. Judgment was entered in favor of the respondents and title was quieted in their names.

The Court of Appeals affirmed the judgment of the trial court and agreed that the county treasurer had indeed conducted a "diligent inquiry."

---

[1] Now section 39-11-128(1)(a), C.R.S. 1973.

■ The validity of a tax deed is dependent upon the county treasurer's full compliance with the statutory requirements, including that of a "diligent inquiry," set forth in 1965 Perm. Supp., C.R.S. 1963, 137-11-28.[2] *Bald Eagle Mining & Refining Co. v. Brunton*, 165 Colo. 28, 437 P.2d 59 (1968); *Silver v. Investment Securities Co.*, 125 Colo. 438, 244 P.2d 877 (1952).

■ The determination of whether each requirement of the statute has been sufficiently satisfied is a question for the trier of fact, in this case, the court. In our opinion, the trial court's finding that the treasurer made a diligent inquiry in an attempt to ascertain the correct address of the petitioner is supported by competent evidence and therefore will not be disturbed. *Muhe v. Mitchell*, 166 Colo. 108, 442 P.2d 418 (1968); *Matt Skorey Packard Co. v. Canino*, 142 Colo. 411, 350 P.2d 1069 (1960).

■ The case of *Bald Eagle Mining & Refining Co. v. Brunton, supra,* does not compel an opposite result under the circumstances of this case. The treasurer cannot be held to a standard requiring him to be familiar with or to search his correspondence files to ascertain the current addresses of delinquent property taxpayers. This is especially so where the treasurer was not put on notice that the address in his records was incorrect.

The petitioner has advanced an ancillary issue as to whether the trial court erroneously placed a duty on the petitioner to inform the county assessor of a change of address. Our resolve of this issue is unnecessary, in that its answer would not alter our approval of the trial court's determination that the treasurer acted with due diligence.

The judgment is affirmed.

MR. JUSTICE ERICKSON does not participate.

---

[2]Now section 39-11-128, C.R.S. 1973.