Willis E. PARKISON and Charles F. Stewart, Plaintiffs-Appellants,

v.

Carl L. BURLEY, Defendant-Appellee.

No. 82CA1494.

Colorado Court of Appeals.

July 7, 1983.

Willis E. Parkison, pro se.

Charles F. Stewart, pro se.

LaCroix, Achziger & Multz, P.C., Thomas R. LaCroix, Grand Junction, for defendant-appellee.

SMITH, Judge.

Plaintiffs, Willis E. Parkison and Charles F. Stewart, who were record owners of a mineral interest in real property, appeal a judgment of the trial court determining that their interests had been acquired by defendant, Carl F. Burley, by virtue of a treasurer's deed. *See* § 39–11–120(1), C.R.S.1973 (1982 Repl.Vol. 16B). Plaintiffs contend that the treasurer's deed is invalid, because contrary to the requirements of § 39–11–128(1)(a), C.R.S.1973 (1982 Repl.Vol. 16B) the treasurer failed to conduct a "diligent inquiry" to determine their addresses and provide them notice of defendant's application for the deed. We agree and reverse.

In 1954, Lynn and Donna Pace (Paces) deeded to plaintiff Stewart a ¼ interest in all oil and gas on a tract located in Mesa County. The deed was recorded in Mesa County in 1955 and shows Stewart was "of the County of Garfield." (Garfield County is adjacent to Mesa County.) In 1969 Stewart deeded this same one-fourth interest to himself and Parkison, and this deed was recorded in 1972. The deed states that both men were "of the County of Garfield." The evidence also shows that the Mesa County Clerk and Recorder mailed the deeds, after recording, to "Parkison Stewart, Glenwood Springs, Colorado" and "Parkison Richard & Kemp, Box 698, Glenwood Springs, Colorado" respectively.

In 1961, Mesa County began taxing small severed mineral interests. From 1961 through 1969 the Mesa County Treasurer mailed Stewart's tax bill to "Stewart, Charles F., c/o Lynn C. Pace, Gateway, Colorado." The 1970 and 1971 tax bills were addressed to Stewart "c/o Lynn C. Pace, Whitewater, Colorado" and the 1972 to 1976 bills were mailed to "Parkison, Willis E. & Stewart, Charles F., Gateway, Colorado." None of these bills reached plaintiffs because they resided in Glenwood Springs.

However, from 1961 through 1970 the Paces, for reasons unknown, paid Stewart's property tax. They ceased this practice in 1971, and in 1972 the treasurer sold the tax certificate to defendant.

In 1976, defendant applied for a treasurer's deed. In order to give notice, the treasurer requested the Mesa County Assessor to provide the names and addresses of the record owners of the property. The treasurer also requested a "certificate" from a title insurance company. As a result of these inquiries, notice of defendant's application for a treasurer's deed was mailed, addressed to "Parkison, Willis E. and Stew-

art, Charles F., Gateway, Colorado (Mesa County)." The notices were returned to the Treasurer as undeliverable and she made no further attempts to locate plaintiffs, and issued her treasurer's deed. At no time did the treasurer inquire concerning the records of the County Clerk and Recorder.

Section 39–11–128(1)(a) provides that before the treasurer issues a tax deed, she shall serve, personally or by mail, a notice of the tax sale "upon all persons having an interest or title of record . . . if, upon diligent inquiry, the residence of such persons can be determined." Whether the treasurer has exercised diligence is a question ordinarily left to the trial court. *Siddoway v. Ainge,* 189 Colo. 173, 538 P.2d 110 (1975). Here, however, we are not bound by the trial court's determination because the case was tried on stipulated facts and documents. *See Southeastern Colorado Coop v. Ebright,* 38 Colo.App. 326, 563 P.2d 30 (1977).

A "presumption of regularity" attaches to a tax deed. *Bald Eagle Mining & Refining Co. v. Brunton,* 165 Colo. 28, 437 P.2d 59 (1968). Nevertheless, the statute requires the treasurer to conduct a diligent inquiry; absent such inquiry, the deed is void.

In attempting to determine if the treasurer acted with diligence, we have applied the rule that words in a statute are to be given their "familiar and generally accepted meaning." *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973). *Webster's Third New International Dictionary* 633 defines "diligent" as "steady, earnest, attentive, and energetic application and effort in a pursuit." This definition is consistent with the legislative purpose of § 39–11–128, C.R.S.1973 (1982 Repl.Vol. 16A) which is to afford record owners an opportunity to redeem their property before it is lost through a treasurer's deed. *See Swofford v. Colorado National Bank,* 628 P.2d 184 (Colo.App.1981).

Under the facts here, we conclude that the treasurer failed to conduct a diligent inquiry to find plaintiffs' addresses. After the initial inquiries of the Mesa County Assessor and the title company produced the same fruitless Gateway addresses which the treasurer had been using for the tax bills, we think "steady and earnest" effort would have dictated reexamination of the assessor's records to determine if an error had been made. Examination of the assessor's records would have shown the book and page numbers of the Pace-Stewart deed and the Stewart-Parkison deed. If the treasurer had checked the deeds in the Mesa County Clerk and Recorder's office she would have noted that both plaintiffs were "of the County of Garfield." Furthermore, she could have obtained Parkison's address because that was where the Mesa County Clerk mailed the Stewart-Parkison deed.

Citing *Olson v. Tax Service Corp.,* 102 Colo. 75, 76 P.2d 1113 (1938), defendant also argues that because the treasurer obtained both the assessor's records and the "certificate" of the title company, she had exercised due diligence. However, since the assessor and the title company both provided the same addresses, which the treasurer was advised were incorrect, we think diligent inquiry required, at a minimum, a simple examination or reexamination of the assessor's records as we have suggested.

Finally, it makes no difference, as defendant asserts, whether plaintiffs knew, or should have known, that their property was subject to taxation. When the issue is the validity of a treasurer's deed, the proper focus is on the diligence of the treasurer, not the conduct of plaintiffs. *See Siddoway v. Ainge,* 34 Colo.App. 210, 526 P.2d 669 (1974), *aff'd,* 189 Colo. 173, 538 P.2d 110 (1975).

The judgment is reversed and the cause is remanded with directions that the trial court determine the sums due under § 39–12–101, C.R.S.1973, and that upon payment of those sums, enter judgment for plaintiffs.

PIERCE and STERNBERG, JJ., concur.