**Edward D. SCHMIDT, Plaintiff–Appellant,**

v.

**Wendy Curtis LANGEL, Defendant–Appellee.**

**No. 92CA2031.**

Colorado Court of Appeals, Div. V.

Dec. 2, 1993.

Rehearing Denied Jan. 13, 1994.

Certiorari Denied June 13, 1994.

Jim Starr & Associates, P.C., Jeffrey C. Burgess, Crested Butte, for plaintiff-appellant.

Kirkland & Ellis, Bruce A. Featherstone, C. Erika Zimmer, Denver, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this action to quiet title to a parcel of real property, plaintiff, Edward D. Schmidt, appeals from the summary judgment entered in favor of defendant, Wendy Curtis Langel. We reverse and remand with directions to enter judgment for plaintiff.

Plaintiff purchased the subject property at a public tax sale. The property was encumbered by a deed of trust of which defendant is a co-beneficiary. When plaintiff applied for a treasurer's deed, the county treasurer

hired an abstract company to perform a title search for the property. The county treasurer sent a "Notice of Purchase of Real Estate at Tax Sale and of Application for Issuance of Treasurer's Deed" by certified mail to each of the interest holders of record. Notice to defendant was sent to her address as it appeared in the records of the county clerk and recorder. An additional notice was sent to defendant in care of her attorney as listed on the deed of trust.

The notice mailed to defendant was returned marked "Return to Sender, Forwarding Order Expired." Although the county treasurer re-examined her own records, the county tax assessor's records, and the records of the county clerk and recorder (the county records), she did not search further outside of these records to find defendant's correct address.

Plaintiff was issued a treasurer's deed to the property and later filed this action to quiet title pursuant to C.R.C.P. 105. Defendant answered and then moved for summary judgment on the grounds that the county treasurer had failed to use proper diligence in ascertaining defendant's correct address, as a result of which, defendant received no notice of the impending issuance of the treasurer's deed. Plaintiff filed a cross-motion for summary judgment contending that the county treasurer did all that was required. The trial court granted defendant's motion for summary judgment and set aside the treasurer's deed.

■ The sole issue on appeal is whether, as a matter of law, the trial court erred by finding that the county treasurer had not conducted a sufficiently diligent inquiry to ascertain defendant's current address. We agree with plaintiff that this determination was erroneous.

According to § 39–11–128, C.R.S. (1993 Cum.Supp.):

(1) Before any purchaser, or assignee of such purchaser, of a tax lien on any land, town or city lot, or mining claim sold for taxes or special assessments.... is entitled to a deed for the land, lot, or claim so purchased, he shall make request upon the treasurer, who shall then comply with the following:

(a) The treasurer shall serve or cause to be served, by personal service or by either registered or certified mail, a notice of such purchase.... upon all persons having an interest or title of record in or to the [land, lot, or claim], if upon diligent inquiry, the residence of such persons can be determined, not more than five months nor less than three months before the time of issuance of such deed.

■ We agree with the parties that defendant, as a co-beneficiary of the deed of trust, was entitled to receive notice by mail of the tax sale and application for treasurer's deed if, upon diligent inquiry, her address could be ascertained. *See Swofford v. Colorado National Bank,* 628 P.2d 184 (Colo.App.1981). We also agree with the parties that no material facts, or inferences to be derived therefrom, are in dispute and that, therefore, this issue may be resolved as a matter of law. *See Stortroen v. Beneficial Finance Co.,* 736 P.2d 391 (Colo.1987).

Here, in addition to searching and re-examining the county records, the county treasurer sent a notice to defendant in care of her former attorney, retained a title company to ascertain addresses of holders of a beneficial interest in the property, and published notice three times at one week intervals in a local newspaper. Defendant's contention in the trial court and on appeal is, however, that, under the circumstances, diligent inquiry required the county treasurer to contact directory assistance, defendant's co-beneficiary, and defendant's attorney. We disagree and reject the proposition that, under these circumstances, the procedure for providing notice was insufficient as a matter of law.

■ A presumption of regularity is applied to tax proceedings. *See Colpitts v. Fastenau,* 117 Colo. 594, 192 P.2d 524 (1948). Therefore, a treasurer's deed constitutes *prima facie* proof of the regularity of the tax proceedings which may then be rebutted by evidence showing a failure to follow statutory requirements. *Bald Eagle Mining & Refining Co. v. Brunton,* 165 Colo. 28, 437 P.2d 59 (1968); *see also Lebanon Mining Co. v. Rog-*

*ers,* 8 Colo. 34, 5 P. 661 (1884). Noncompliance with the notice requirement of the statute will serve to void a treasurer's deed. *See Bogue v. Miles,* 107 Colo. 320, 111 P.2d 1055 (1941); *Wittemyer v. Cole,* 689 P.2d 720 (Colo.App.1984).

■ "Diligent" means a "steady, earnest, attentive, and energetic application and effort in a pursuit"; as so defined, a "diligent" inquiry is consistent with the legislative objective of § 39–11–128, to afford record owners an opportunity to redeem real property before it is lost through a treasurer's deed. *Parkison v. Burley,* 667 P.2d 780 (Colo.App. 1983). "Diligent inquiry" requires that if a notice has been returned, the county treasurer must re-examine the county records to check the address for accuracy and look for an alternative address. *See Bald Eagle Mining & Refining Co. v. Brunton, supra; Siler v. Investment Securities Co.,* 125 Colo. 438, 244 P.2d 877 (1952). The question then is if, as here, no alternative address is found, whether the county treasurer is required as a matter of law to take the additional steps proposed by defendant. We hold that there is no such requirement, and that the treasurer here exercised due diligence as a matter of law.

In several cases, our supreme court specifically has held, under varying circumstances, that if a diligent search of the county records does not reveal a correct address for a record interest holder or taxpayer, the county treasurer is not required to make further inquiry. *Olson v. Tax Service Corp.,* 102 Colo. 75, 76 P.2d 1113 (1938) (Although some of the notices sent to the owners of record at the addresses found within the county records were returned unclaimed, treasurer did all that was required to give notice); *Walter v. Harrison,* 101 Colo. 14, 70 P.2d 335 (1937); *see also Siddoway v. Ainge,* 189 Colo. 173, 538 P.2d 110 (1975) (Treasurer was not required to search through miscellaneous correspondence for an alternative address); *White Cap Mining Co. v. Resurrection Mining Co.,* 115 Colo. 396, 174 P.2d 727 (1946) (Although the records in the office of the county treasurer failed to reveal any address for the plaintiff corporation or any of its officers, the county treasurer was not obliged

to search the records in the office of the secretary of state, the only source from which an address was obtainable).

Defendant acknowledges this authority but argues that these cases must be read restrictively because none have addressed the particular factual situation which occurred here and because none have addressed the issue in terms of constitutional due process. Precisely because of the nature of the issue presented, we would agree with defendant that the cited cases are fact specific. Even reading this prior authority restrictively, however, and in light of principles of due process, we conclude that the county treasurer's actions here were not legally insufficient.

First, although these cases were decided upon differing facts, the common premise is that "diligent inquiry," under § 39–11–128, requires the county treasurer to inquire into information available within county records. The treasurer need not inquire into every possible source for the correct address of the record interest holder. The fact that none of these prior cases involved a mailed notice which was returned to the county treasurer marked "undeliverable" does not render that premise inapplicable here.

As defendant points out, the notation on the returned notice informed the county treasurer that defendant could not have received the mailed notice. Contrary to defendant's contention, however, this does not require the application of a different standard of diligence. The county treasurer here was in a position very similar to the one in *White Cap Mining Co. v. Resurrection Mining Co., supra,* who, because no address for the record interest holder was ever found within the county records, also knew that no mailed notice could have been received because none had been sent. In fact, there is no Colorado appellate decision which suggests, under circumstances like those at issue, that the search proposed by defendant is required.

■ Secondly, we recognize that under applicable principles of statutory construction, statutory notice requirements pertaining to tax proceedings must be interpreted so as to comply with due process under the United States and Colorado Constitutions. *See Om-*

*nibank Iliff, N.A. v. Tipton,* 843 P.2d 71 (Colo.App.1992); *Klingbeil v. State,* 668 P.2d 930 (Colo.1983).

Thus, in tax proceedings, if the name and address of a holder of a record interest are ascertainable, publication notice alone is insufficient. Regardless of this proviso, however, extraordinary efforts at locating an address are not demanded by principles of due process. Only if the address can be obtained by reasonably diligent efforts is notice by mail or similarly certain means required. *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983). *See also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

In addition, the method of providing notice need not be absolutely certain to effect notice in every instance so long as it is reasonably calculated to do so. *Dodge v. Meyer,* 793 P.2d 639 (Colo.App.1990) (Secretary of State need not demonstrate that notary public received actual notice of commission revocation hearing if statutory requirements for notice by mail have been fulfilled); *Patterson v. Cronin,* 650 P.2d 531 (Colo.1982) (Affixing summons and complaint to illegally parked vehicles is a method reasonably calculated to provide notice of the violation); *see also Olson v. Tax Service Corp., supra* (Diligent inquiry for purposes of notice of a tax sale does not require the same level of effort as would ferreting out lost heirs or tracing absconding debtors).

Accordingly, we conclude that, because the county treasurer is required by § 39–11–128 to provide notice by mail to a record interest holder if that holder's address is reasonably ascertainable in the county records and, should the notice be returned as undeliverable, is required to re-examine the county records for any alternative addresses, this means of providing notice is sufficient, at least under the circumstances present here, to comply with constitutional due process concerns. *Cf. Mynsberge v. State Board of Tax Commissioners,* 612 N.E.2d 1129 (Ind. Tax 1993) (Due process does not require taxing authority to inquire outside of its own office to find an alternate address); *accord*

*Centrium Group v. State Board of Tax Commissioners,* 599 N.E.2d 242 (Ind.Tax.1992).

We are aware that, on specific facts, some jurisdictions have reached more expansive results. *See Giacobbi v. Hall,* 109 Idaho 293, 707 P.2d 404 (1985) (Taxing authority should have contacted the title company listed on the deed contained in the county records and inquired as to a current address for delinquent taxpayer); *St. George Antiochian Orthodox Christian Church v. Aggarwal,* 326 Md. 90, 603 A.2d 484 (1992) (Failure to contact title company listed on deed indicated a manifest indifference to record information that could have led to discovery of correct address of owner); *see also Bryant v. T.C.B. Enterprises,* 395 So.2d 823 (La.App.1981); *Tracy v. County of Chester,* 507 Pa. 288, 489 A.2d 1334 (1985).

However, we conclude that neither the unbroken line of Colorado cases interpreting § 39–11–128 nor due process considerations demand such additional efforts as a matter of law. Moreover, in our view, these more expansive standards of diligence provide little guidance as to when the inquiry must cease and little assurance that the efforts required would be fruitful or within the limits of practicality. *See Patterson v. Cronin, supra.* Additionally, all laws affecting title to real property, as much as possible, should be construed so as to render such titles absolute and free of technical defects so that subsequent purchasers may rely on the record title. *Colpitts v. Fastenau, supra; Ragsdale Bros. Roofing, Inc. v. United Bank,* 744 P.2d 750 (Colo.App.1987).

We note that the record here indicates that defendant's co-beneficiary as listed on the deed of trust turned out to be personally acquainted with her and could have provided information as to her whereabouts. The county treasurer, however, had no way of knowing this from the information contained within the county records.

We are mindful that defendant's failure to keep the county apprised of a correct address does not relieve the county treasurer of her burden to make diligent inquiry. "When the issue is the validity of a treasurer's deed, the proper focus is on the diligence of the treasurer, not the conduct of [the

owner]." *Parkison v. Burley, supra*, 667 P.2d at 782; *see also Mennonite Board of Missions v. Adams, supra* (The ability of a party to take steps to safeguard its interest does not relieve the State of its constitutional obligation to provide notice by mail or other reasonably certain means).

Whether defendant might have taken steps to safeguard her interest is irrelevant to whether adequate notice was given under the circumstances. *See Omnibank Iliff, N.A. v. Tipton, supra.* But when, as here, notice by mail has been sent but returned as undeliverable, if a diligent search of the county records would uncover no alternative address, neither constitutional due process concerns nor statutory requirements compel the county treasurer to follow up on information which she has no reason to believe would result in the discovery of a correct address.

We conclude that the treasurer's deed is valid and the trial court erred by setting the deed aside. *See Siddoway v. Ainge, supra.* Further, because there are no disputed questions of fact, plaintiff is entitled to judgment as a matter of law. *See Mt. Emmons Mining Co. v. Town of Crested Butte.* 690 P.2d 231 (Colo.1984).

The judgment is reversed, and the cause is remanded to the trial court with instructions to enter judgment for plaintiff.

MARQUEZ and BRIGGS, JJ., concur.