Richard G. LEWIS and Patricia A. Lewis, Plaintiffs–Appellees,

v.

COLUMBUS INVESTMENTS, and all unknown persons who claim any interest in the subject matter of this action, Defendants–Appellants.

No. 99CA1435.

Colorado Court of Appeals, Div. I.

Dec. 7, 2000.

Rehearing Denied April 12, 2001.*

Certiorari Granted Nov. 19, 2001.

* JONES, J., would grant.

Traylor, Tompkins, Black & Gaty, P.C., Peter R. Black, Christopher B. Gaty, Grand Junction, Colorado, for Plaintiffs–Appellees.

Golden, Mumby, Summers, Livingston & Kane, LLP, James Golden, J. Richard Livingston, Grand Junction, CO, for Defendants–Appellants.

Maurice Lyle Dechant, Leigh C. Taylor, Grand Junction, CO, for Amicus Curiae Board of County Commissioners of Mesa County and Mesa County Treasurer, Gena Harrison.

Opinion by Judge KAPELKE.

In this quiet title action involving a challenge to the validity of a treasurer's deed to certain real property, defendant, Columbus Investments, appeals from the summary judgment entered by the trial court in favor of plaintiffs, Richard G. and Patricia A. Lewis. We affirm.

The property here was conveyed to plaintiffs by a warranty deed that was duly recorded. To finance the purchase of the property, plaintiffs obtained a loan from two individuals (lenders). In connection with that loan, plaintiffs executed a promissory note and also a deed of trust, which was recorded.

Thereafter, in connection with a loan the lenders obtained from a bank, they executed a "Collateral Assignment of Interest in Deed of Trust," which provided in pertinent part as follows:

> Assignment: As security for indebtedness owing by assignor to bank, assignor has granted to Bank a security interest in a promissory note or other obligation secured by the above-described Deed of Trust and Assignment of Rents. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, *Assignor hereby assigns to the Bank all of Assignor's right, title, and interest in and to the Deed of Trust* and Assignment of Rents *as additional security for Assignor's indebtedness owing to the Bank.* (emphasis added)

As a result of plaintiffs' failure to pay the real property taxes on the property from 1992 through 1995, a tax lien was offered for sale and was purchased by Columbus Investments. Following expiration of the applicable three-year period, Columbus Investments, as holder of the certificate of purchase, obtained issuance of a treasurer's

deed from the county treasurer. Relying on a "memorandum of ownership interests" received from a title company, the treasurer gave notice of the application for the treasurer's deed to various parties, including plaintiffs, Columbus Investments, and the bank. However, notice was not given to the lenders.

In their quiet title complaint, plaintiffs alleged that they had not received actual notice of the sale. They also alleged that because the treasurer failed to provide the lenders with statutory notice of the application for a treasurer's deed, the deed issued to Columbus Investments is invalid.

Columbus Investments moved for summary judgment arguing that because the lenders were no longer interest holders they were not entitled to notice. Plaintiffs filed a cross-motion for summary judgment. The trial court granted plaintiffs' motion, based on its determination that the deed issued to Columbus Investments was void because the treasurer failed to comply with § 39–11–128, C.R.S.2000. This appeal followed.

Columbus Investments contends that the trial court erred in concluding that the lenders had an interest in the property that entitled them to statutory notice of the application for a treasurer's deed. We disagree.

We review a judgment entered on a motion for summary judgment *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo. 1995).

Before issuing a tax deed to property, a county treasurer must first comply with the mandates of § 39–11–128(1)(a), C.R.S.2000, which provides, in pertinent part, as follows:

> The treasurer shall serve or cause to be served ... a notice of such purchase ... upon *all persons having an interest or title of record in or to the same* if, upon diligent inquiry, the residence of such persons can be determined.... (emphasis added)

As the supreme court recognized in *Winter Park Devil's Thumb Investment Co. v. BMS Partnership*, 926 P.2d 1253 (Colo.1996), § 39–11–128(1)(a) requires that the treasurer give notice to all persons who have a right to redeem following a tax lien sale. Pursuant to § 39–12–103(1), those with a right to redeem include "any person having a legal or equitable claim" to the property.

■ The dispositive issue is whether the lenders had an interest of record in the property at the time notice was given of the application for issuance of treasurer's deed. Because we conclude that they had such an interest, we agree with the holding of the trial court.

■ The beneficiary of a deed of trust has a security interest in the real property and, as such, is entitled to notice under § 39–11–128(1)(a). *See Schmidt v. Langel*, 874 P.2d 447 (Colo.App.1993). Here, the lenders were the named beneficiaries of the deed of trust executed by plaintiffs.

■ Generally, one who receives a security interest in a note and deed of trust (like the bank here) obtains an interest in instruments, which is characterized as personal property. *Citicorp v. Fremont National Bank*, 738 P.2d 29 (Colo.App.1987); *Swofford v. Colorado National Bank*, 628 P.2d 184 (Colo.App.1981). The rights of one receiving such an interest are thus governed by the Uniform Commercial Code. *See* § 4–9–102(2), C.R.S.2000.

■ When the debtor on the indebtedness covered by such a security interest defaults and the secured party elects to retain the collateral and complies with the requirements set forth in § 4–9–505, C.R.S.2000, the interest of the secured party ripens into an interest in real property. *Swofford v. Colorado National Bank, supra.*

In *Swofford*, a division of this court ruled that the party that held a recorded security interest in a promissory note and deed of trust was entitled to notice of a request for issuance of a treasurer's deed where the loan was in default. Under those circumstances, the secured party had a sufficient legal or equitable record interest in the property to require that it be provided such notice.

Here, however, the lenders' loan with the bank was not in default. Thus, the bank was the holder of an interest only in the instruments—not in the real property itself. Un-

less and until a default under lenders' loan had occurred, the lenders remained the holders of the deed of trust and had, at a minimum, a record interest in the real property entitling them to notice.

■ We recognize that the collateral assignment agreement quoted above states that lenders were assigning to the bank all of their "right, title and interest in and to" the deed of trust "as additional security for" lender's indebtedness to the bank. Nevertheless, the instrument discloses that the assignment was only for the purpose of providing collateral. It would not ripen into an interest in the real property until there had been a default by the lenders.

■ Finally, in urging that it became the holder of the promissory note and the deed of trust itself and that lenders no longer had an interest in the real property entitling them to notice, Columbus Investments relies on § 4–3–204(c), C.R.S.2000. That section provides: "For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument."

That section is inapplicable here, however, because, as counsel acknowledged at oral argument on appeal, the record does not show that the lenders indorsed the promissory note over to the bank. The record indicates only that physical possession of the note was delivered to the bank. The lack of an indorsement would prevent the bank from being a "holder" under Colorado law. *See Barclay Receivables Co. v. Mountain Majesty, Ltd.,* 903 P.2d 37 (Colo.App.1995).

Accordingly, we conclude that because the lenders still had an interest in the real property and were not given notice as required by § 39–11–128, the trial court properly determined that the treasurer's deed issued to Columbus Investments was void and that plaintiffs were entitled to judgment as a matter of law.

The judgment is affirmed.

METZGER, J., concurs.

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent, and would reverse the judgment and remand the cause.

The parties do not dispute the following relevant facts. The property here was conveyed to plaintiffs by warranty deed duly recorded. In order to finance the purchase of the property, plaintiffs borrowed a sum of money from persons (lenders) who are not named parties to the case here. The lenders secured repayment of the loan by obtaining a promissory note and deed of trust from plaintiffs. The lenders duly recorded that deed of trust. Thereafter, to secure their own indebtedness, the lenders conveyed a security interest in the promissory note and deed of trust to their bank. In so doing, the lenders delivered to the bank the note and the deed of trust.

The lenders, furthermore, executed and recorded a collateral agreement assigning all of their interest in the deed of trust to the bank as assignee. The agreement provides, in pertinent part:

Assignment: As security for indebtedness owing by assignor to bank, assignor has granted to Bank a security interest in a promissory note or other obligation secured by the above-described Deed of Trust and Assignment of Rents. For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, *Assignor hereby assigns to the Bank all of Assignor's right, title, and interest in and to the Deed of Trust* and Assignment of Rents as additional security for Assignor's indebtedness owing to the Bank. (emphasis added)

When plaintiffs neglected to pay the real property taxes on the property from 1992 through 1995, tax certificates were offered for sale and were purchased by defendant. Accordingly, defendant requested the county treasurer to issue to it a treasurer's deed. As required by statute, notice of the application for the treasurer's deed was given to the interested parties including plaintiffs, defendant, and the bank. While notice of the

application was sent to plaintiffs by certified mail, it was returned to the treasurer by the post office. The treasurer confirmed plaintiffs' address and then, "based on the Assignment of the Deed of Trust to the Bank, Notice was given to the bank rather than the [lenders]."

Plaintiffs filed a complaint alleging, *inter alia*, that the treasurer failed to provide the lenders with statutory notice of defendant's application for a treasurer's deed pursuant to statute and that, therefore, the treasurer's deed issued to defendant must be determined invalid. Defendant moved for summary judgment arguing that the lenders were not interest holders so as to trigger the statutory notice requirement on their behalf. The trial court summarily denied defendant's motion and determined that the deed issued to defendant was void because of the treasurer's failure to comply with § 39–11–128, C.R.S. 2000. This appeal followed.

I agree with the defendant's contention that the trial court erred in concluding that the lenders had an interest in the property which entitled them to statutory notice of defendant's application for a treasurer's deed.

We review a judgment entered on a motion for summary judgment *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo. 1995).

Before being authorized to issue a tax deed to property, a county treasurer must comply with the mandates of § 39–11–128, C.R.S. 2000, which provide, in pertinent part, as follows:

> The treasurer shall serve or cause to be served ... a notice of such purchase ... upon *all persons having an interest or title of record in or to the same* if, upon diligent inquiry, the residence of such persons can be determined .... (emphasis added)

Thus, one not in possession of the property, and who has no right, title, or interest in the subject property is not entitled to a notice of application for a tax deed from the county treasurer.

The county treasurer must make diligent inquiry of those who have apparent right, title, and interest in the property. Such diligent inquiry is satisfied by a thorough examination of the county assessor's records. *Parkison v. Burley,* 667 P.2d 780 (Colo.App. 1983).

Concerning the determination of which persons hold an interest in property, generally, a deed of trust creates an interest in real property. *See RTV, L.L.C. v. Grandote International Ltd. Liability Co.,* 937 P.2d 768 (Colo.App.1996)(deed of trust holder has right to pay ad valorem taxes and holds interest in real property).

A security interest is an interest in property which secures payment or performance of an obligation. Section 4–1–201(37), C.R.S. 2000. Article 9 of the Uniform Commercial Code (UCC) governs security interests created by contract, including pledges or assignments. Section 4–9–102(2), C.R.S.2000. Thus, the transfer of a note for security purposes is governed by Article 9 of the UCC. *See Colorado Leasing Corp. v. Borquez,* 738 P.2d 377 (Colo.App.1986).

The UCC governs security interests notwithstanding that "the obligation is itself secured by a transaction or interest to which this article does not apply." Section 4–9–102, C.R.S.2000.

Section 4–9–102(3), C.R.S.2000 (Official Comment 4) illustrates the meaning of this statute:

> The owner of Blackacre borrows $10,000 from his neighbor, and secures his note by a mortgage on Blackacre. This article is not applicable to the creation of the real estate mortgage. Nor is it applicable to a sale of the note by the mortgagee, even though the mortgage continues to secure the note. However, when the mortgagee pledges the note to secure his own obligation to X, this Article applies to the security interest thus created, which is a security interest in an instrument even though the instrument is secured by a real estate mortgage.

*See Jackson County Federal Savings & Loan Assn. v. Maduff Mortgage Corp.,* 608 F.Supp. 588, 594 (D.Colo.1985) (distinguishing *Fort Collins Production Credit Ass'n v. Carroll Dairy,* 37 Colo.App. 536, 553 P.2d 95

(1976)(which opined that deed of trust was not governed by provisions of UCC), noting that such was the case only because security interest was not formed under the facts of *Carroll Dairy* because, as a result of loss or cancellation of note, "deed of trust had been severed from the original note it secured").

Any transaction intended to create a security interest in personal property or fixtures, including instruments and general intangibles, is a security interest governed by Article 9 of the UCC. Section 4–9–102(1)(a), C.R.S.2000; *See Colorado Leasing Corp. v. Borquez, supra.*

The intent of the parties to a contract is determined primarily from the language of the contract itself. *In re May,* 756 P.2d 362 (Colo.1988). In determining the intent of the parties, the terms of the contract are to be accorded their plain and ordinary meaning. *Cache National Bank v. Lusher,* 882 P.2d 952 (Colo.1994).

Section 4–9–203, C.R.S.2000, establishes the criteria for a security interest to be enforceable against the debtor or third parties with respect to the collateral and requires that the debtor has signed a security agreement which contains a description of the collateral, has received value, *and has rights in the collateral.*

Generally, a secured party's right to take possession of the collateral does not arise until the debtor defaults. Section 4–9–503(1), C.R.S.2000; *cf. Swofford v. Colorado National Bank,* 628 P.2d 184, 186 (Colo.App.1981)(although bank's security interest was originally personal property, it had "ripened into an interest in real property by virtue of bank's election to retain the collateral" after the debtor's default and, thus, bank was entitled to notice of treasurer's deed application). However, "a security agreement is effective according to its terms between the parties." Section 4–9–201, C.R.S.2000; *see Layne v. Fort Carson National Bank,* 655 P.2d 856 (Colo.App.1982). Thus, when, as here, the parties agree that "all of the Assignor's right, title, and interest in and to the Deed of Trust . . ." is assigned to the Bank, the parties must be taken at their word, regardless of the title of the document as "Collateral Assignment."

While it is claimed in defendant's opening brief that the lenders "made an unqualified endorsement of [the note] transferring to the Bank a security interest in the [note]," at oral argument, counsel for both sides indicated that it was not known whether the note had been endorsed to the bank in satisfaction of § 4–3–204(c), C.R.S.2000. The record is silent on this as well.

However, the record does reflect that, upon diligent inquiry, the county treasurer determined that, because the lenders made an unqualified transfer of the note, granting a security interest in the note to the bank and transferring to the bank the right to enforce the note as its holder, based on the plain language of the documents, the lenders no longer had any right, title, or interest in the property. *See Jackson County Federal Savings & Loan Ass'n v. Maduff Mortgage Corp., supra* (court found that UCC Article 9 applied in real estate case where security interest had been intended and established in note and deed of trust). The majority can only conclude that the lenders retained an interest in the property by reading into the plain language of the assignment an intent to which the parties clearly did not agree. In this, I cannot join. Thus, I conclude that the county treasurer acted properly pursuant to § 39–11–128.

The record shows that the lenders' interest in the property arose from the lien on the property that secured plaintiffs' obligation to repay them. *See RTV, L.L.C. v. Grandote International Ltd. Liability Co., supra.* Thereafter, to secure their own indebtedness, the lenders assigned the promissory note and deed of trust to the bank, and the bank became the holder. Although the security agreement assigning the promissory note and deed of trust explicitly expressed the parties' intent to create a security interest in the collateral, the lenders transferred "*all* of [their] right, title, and interest in and to the Deed of Trust," to the bank. Therefore, as the holder, the bank was entitled to notice from the county treasurer, and the lenders were not.

Accordingly, I would reverse the summary judgment in favor of plaintiffs, and remand

the cause to the trial court to enter judgment in favor of defendant.