## No. 11,086.

### CENTRAL REALTY CO. v. FROST.

Decided October 6, 1924. Decision adhered to January 5, 1925.

Action in ejectment.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  TAXES AND TAXATION—*Words and Phrases.* "*Recover,*" "*Recovering*" *and* "*Obtain Possession,*" as used in section 7429, C. L. '21, concerning recovery of land sold for taxes, mean not merely regaining possession which has been lost, or obtaining possession not theretofore had, but also the retention of possession already had and which has not been disturbed.

2.  *Tax Deed—Ejectment—Affirmative Relief.* Where a defendant in an action of ejectment to recover possession of property under a tax deed, asked no affirmative relief in his answer, but did attack plaintiff's tax title, it is held that by such attack he paved the way for a recovery by himself.

3. *Statutory Construction.* It is the purpose of section 7429, C. L. '21, concerning recovery of land sold for taxes, that he who recovers must, before the recovery is effected, reimburse the adverse party for taxes paid.

*Error to the District Court of Gilpin County, Hon. Samuel W. Johnson, Judge.*

Mr. ERNEST MORRIS, Mr. JOHN F. MAIL, for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action in ejectment. Plaintiff below was the holder of a tax deed which, it is assumed on both sides, was invalid. He relied for his right to possession upon no other title than that given by the tax deed. The judgment of the court was "that the plaintiff shall be let into possession of the property  *  *  *; provided, that if the defendant  *  *  *  shall pay to the plaintiff the sum of $1,626.45, together with interest thereon at the rate of 8 per cent. from the date of the deed  *  *  *, then and in that event the above entitled action may be dismissed with costs to the plaintiff and against the defendant." The defendant has sued out this writ of error and applies for a supersedeas.

The plaintiff in error, defendant below, contends that the judgment is contrary to law; that the only judgment that could be rendered is either that the plaintiff recover possession or that the defendant go hence and recover its costs.

The defendant in error, plaintiff below, contends that the judgment is authorized by section 7429, C. L. 1921, which section, so far as now material, reads as follows: "No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, *  *  *; *Provided, always,* That  *  *  *  when the recovery is effected in all cases,  *  *  *  all taxes paid af-

ter the sale thereof, with interest thereon at the rate of fifteen per cent. per annum, shall be  *  *  *  paid by the person or persons recovering the same, before he, she or they shall obtain possession of the land so recovered."

With the first clause of the statute, as above quoted, we are not now concerned. It is necessary, however, to find what is meant by the terms "recovery," "recovering" and "obtain possession," as used in the subsequent clauses. These terms mean not merely the regaining of possession which has been once lost, or the obtaining of possession not theretofore had, but also the retention of possession already had and which has not been disturbed. This conclusion accords with our previous decisions. Thus in *Rustin v. M. & M. Tunnel Co.*, 23 Colo. 351, 358, 47 Pac. 300, the party who was required to reimburse the adverse party for taxes paid was the party already in possession at the beginning of the action and who was permitted to retain possession. In *Knowles v. Martin*, 20 Colo. 393, 38 Pac. 467, the plaintiff was bound to reimburse the defendant tax deed holder, yet the plaintiff did not "recover" possession in any other sense than that of being permitted to retain the possession he already had. So in the instant case it was the defendant that "recovered," because it was permitted to retain possession of the land in controversy on the condition that it repay the taxes as provided by the statute. The amount named in the judgment, $1,626.45, represents such taxes, interest and penalties.

The plaintiff in error contends that the statute cannot be invoked against it, because it did not ask for any affirmative relief, but merely interposed a general denial to plaintiff's complaint in ejectment. While no affirmative relief was asked in the answer, yet the defendant did at the trial, by objections to evidence, attack the plaintiff's tax title just as if some affirmative relief regarding that subject was asked in the answer. By making such attack the defendant paved the way for a recovery, not by plaintiff, but by itself. It is the evident purpose of the statute that he who recovers must, before the recovery is effected, reim-

burse the adverse party for taxes paid. The judgment carries out this purpose.

For reasons hereinbefore indicated, we hold the statute to be applicable in the instant case and to authorize the judgment rendered. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.