No. 15,505.

Phillips *v.* City and County of Denver.
Brower et al., Interveners.
(175 P. [2d] 805)

Decided December 16, 1946.

Mr. E. V. Holland, for plaintiff in error.

Mr. Malcolm Lindsey, Ruth S. Hunt, Mr. Thomas E. Boyles, for Denver, Messrs. Hindry, Friedman & Brewster, for interveners, defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court and are hereinafter referred to as plaintiff, Denver and interveners, respectively.

Plaintiff, fee owner of certain lots in the city of Denver, brought this action August 10, 1943, to set aside a tax deed to Denver, which meanwhile had deeded to interveners. Answers were filed and all facts essential to judgment for plaintiff were stipulated save the amount which he should pay interveners. That sum being fixed by the court judgment was entered accordingly. To review that judgment plaintiff prosecutes this writ, contending: 1. That the judgment is erroneous in requiring that, as a condition precedent to recovery, he refund approximately $1,000 special improvement taxes paid in advance by interveners under an option granted by the city charter. 2. That interest was erroneously figured by the court under section 262, chapter 142, '35 C.S.A., instead of section 264, of the same chapter.

Plaintiff failed to pay general taxes for 1929. Such proceedings followed that on November 26, 1930, the property was stricken off to Denver. The statutory period of redemption expired November 26, 1933, but Denver did not take a deed until August 15, 1938. July 7, 1943, Denver deeded to interveners. At that date there was due general taxes for 1929 and subsequent years, Moffat Tunnel Improvement District taxes, and a mandatory installment on the special improvement tax above mentioned, which installment had fallen due in April, 1943. On taking deed from Denver interveners paid the Moffat Tunnel taxes, an agreed amount for general taxes and, exercising an election granted by the charter, the total of the special improvement tax. Under Denver's interpretation of the statute then in effect and according to custom, she gave no notice of her intention to

take her tax deed. March 17, 1941, we held such notice essential under the facts in that case and this. *Bogue v. Miles et al.,* 107 Colo. 320, 111 P. (2d) 1055.

■ It is here important to note that Denver's deed was voidable, not void. Counsel for plaintiff refers to it as the latter and bases a portion of his argument on that assumption. However, he refers in his brief at least half a dozen times, to that deed as voidable and the court so held. Four months after Denver received it it was recorded and then became color of title. §262, supra, as amended, c. 226, p. 1050, S.L. '37. It gave right of possession. *Central Realty Co. v. Frost,* 76 Colo. 413, 232 Pac. 1111. Hence, until challenged, the holder of that deed and his assignee stood in the shoes of the owner of the fee.

■ 1. It is self-evident that said section 262, and not 264, governs here. The latter expressly refers to *redemptions* within three years from date of sale and prior to execution of treasurer's deed; the former to *actions* for the recovery of land sold for taxes and recovery in such "suit, action or proceeding." It provides that in case of recovery the owner shall pay to the grantee named in the deed, or his successor, inter alia, *"all taxes* paid thereon after the sale thereof." When interveners took title one installment only on a special assessment was due.

"Failure to pay any installment, whether of principal or interest, when due, shall cause the whole of the unpaid principal to become due and payable immediately, and the whole amount of the unpaid principal and accrued interest shall thereafter draw interest at the rate of one per cent per month or fraction of a month until the day of sale, as hereinafter provided; but at any time prior to the day of sale the owner may pay the amount of all delinquent installments, with interest at one per cent per month or fraction of a month, as aforesaid, and all penalties accrued, and shall thereupon be restored to the right thereafter to pay installments in the same

manner as if default had not been suffered. The owner of any piece of real estate not in default as to any installment or payment, may at any time pay the whole unpaid principal with the interest accrued." Sec. 38, art. III (sec. 306 Charter March 29, 1904) p. 47 Denver Municipal Code 1927.

█ Plaintiff's position is that interveners should have paid only the installment due and preserved for him the privilege of thereafter paying in installments and hence the court was in error in obliging him, as a condition precedent to recovery, to pay interveners the whole amount of the special improvement tax. There are several answers to this position. Since some three months had elapsed since the due date of the installment in question it was probably the right of Denver to declare the whole due and require payment thereof by interveners before issuing a deed to them. Again, the interveners with a merely voidable title and standing in the shoes of plaintiff could do whatever, otherwise, he could do. Hence their election, if such it was, to pay all, binds him and the clause of said section 262 requiring plaintiff as a condition to recovery in this action to pay *"all taxes paid thereon after the sale thereof"* made it mandatory that he reimburse interveners for this special improvement tax. Moreover, the equities are all against plaintiff. He failed to pay his taxes when due. He ignored the sale of his property, he not only waited to act until Denver had sold to interveners, but took no action until three days before the statute of limitations ran on Denver's deed when it would have become impervious to attack; and lastly the tax paid is his tax which he would eventually be obliged to pay in any case.

2. If we are correct in the foregoing it follows that the trial court was right in computing interest under said section 262.

No other matter discussed in the briefs requires examination. The judgment is accordingly affirmed.

MR. JUSTICE STONE not participating.