Sue SANDSTROM, Treasurer, Arapahoe County, Colorado, Plaintiff-Appellee,

v.

Gregory SOLEN and Patti L. Ibbotson, Defendants–Appellees,

and

Toby Bradford, Defendant–Appellant.

Court of Appeals No. 15CA0006

Colorado Court of Appeals, Div. II.

Announced February 25, 2016

Ronald A. Carl, County Attorney, Monica N. Kovaci, Assistant County Attorney, Littleton, Colorado, for Plaintiff–Appellee.

Montgomery Little. & Soran, PC, Echo D. Ryan, Frederick B. Skillern, Greenwood Village, Colorado, for Defendant–Appellee Gregory Solen.

The Hayes Law Firm LLC, Christopher Hayes, Denver, Colorado, for Defendant–Appellee. Patti L. Ibbotson.

Zarlengo & Kimmell, LLC, Thomas J. Kimmell, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE GRAHAM

¶ 1 In this real property action concerning a tax deed,[1] we must determine the validity

---

1. The statutes governing tax deeds use the terms tax deed and treasurer's deed interchangeably, see § 39–11–129, C.R.S. 2015. For brevity pur-

of that deed, which was admittedly issued by the treasurer without diligent inquiry. Further, we are required to determine whether the property covered by the tax deed may be redeemed by one tenant in common for the benefit of another tenant in common.

¶ 2 Toby Bradford appeals the district court's grant of summary judgment concluding that the Arapahoe County Treasurer (Treasurer) properly invalidated a tax deed in favor of Bradford. Bradford also appeals the district court's grant of summary judgment quieting title to the subject property in Gregory Solen and Patti L. Ibbotson. We affirm.

## I. Background

Before any purchaser ... of a tax lien ... is entitled to a deed for the land ... [t]he treasurer shall serve ... a notice of such purchase on ... all persons having an interest or title of record in or to the same if, upon diligent inquiry, the residence of such persons can be determined. ...

§ 39–11–128(1)(a), C.R.S. 2015.

¶ 3 Here the subject property was assessed as a fifty-percent undivided interest in mineral rights beneath surface property owned by Bradford in Arapahoe County. That undivided mineral interest was conveyed as two undivided interests to Gregory Solen and his sister, Patti Ibbotson. Their ownership is derived from the following series of events.

¶ 4 In May 1972, Albert Solen purchased by warranty deed the entire surface estate and a fifty-percent undivided mineral interest in the property. In April 1973, Albert Solen sold the surface estate to Hugh and Janelle Thomas but reserved his fifty-percent mineral interest. The Arapahoe County Assessor's Office assessed that mineral interest as parcel # 1979–00–0–00–855 (the Parcel).

¶ 5 In 1984, Albert Solen's mineral interest passed to Gregory Solen and the Colorado National Bank of Denver as trustee (Bank) [2] by personal representative mineral deed. Each received an undivided one-half interest and unity of ownership in the assessed Parcel which itself was one-half of the original mineral estate.[3]

¶ 6 In 1994, by trustee's mineral deed of distribution, the Bank transferred to Patti Ibbotson "all interest belonging to [the Bank] in and to all of the oil, gas and other minerals in and under and that may be produced from" the assessed Parcel. Thereafter she and her brother each owned an undivided one-half interest in the Parcel. A copy of that deed was filed with the Arapahoe County Clerk and Recorder on November 28, 1994, but the Assessor's records were not updated to reflect Ibbotson's interest. Accordingly, based on the Assessor's records, the Treasurer (tasked with collecting taxes assessed by the Assessor) billed the Parcel by mailing tax bills only to Gregory Solen.

¶ 7 The taxes for the Parcel went unpaid for tax years 2004, 2005, 2006, and 2007. In 2005, Bradford [4] purchased the 2004 tax lien.

¶ 8 On August 30, 2008, Bradford applied for a tax deed for the Parcel. The Treasurer sent notice to Solen of the application for the tax deed but did not obtain title work for the Parcel or check the County Clerk and Recorder's records. On February 26, 2009, without Solen redeeming the Parcel, a tax deed was issued to Bradford by the Treasurer. The deed transferred all mineral interests taxed under the assessed Parcel, that is, the entire undivided one-half interest in the mineral estate.[5]

¶ 9 In 2013, the Treasurer was notified by an oil and gas lessee of Ibbotson's that she claimed ownership in the Parcel that was the

poses, we use the term tax deed although the deed at issue here was titled "Treasurer's Deed."

2. Colorado National Bank of Denver was trustee for the estate of Albert Solen.

3. Because the original deed to Albert Solen was one-half of the entire mineral estate, the interests conveyed to Gregory Solen and the Bank were one-fourth undivided interests in the entire min-

eral estate or one-half undivided interests in the grantor Albert Solen's interest.

4. Originally Frank Bradford, Toby Bradford's husband, also purchased the tax lien. Frank Bradford later quitclaimed any interest in the Parcel to Toby Bradford.

5. Bradford later redeemed the additional tax liens on parcel # 197900–0–00–855.

subject of the Bradford tax deed. On August 26, 2013, the Treasurer issued and recorded a declaration of invalid treasurer's deed, purporting to invalidate the tax deed given to Bradford.

¶ 10 In December 2013, the Treasurer filed the current action seeking a declaratory judgment that the declaration of invalid treasurer's deed was a valid document, thereby cancelling title in Bradford. The Treasurer's complaint admitted that she had failed to conduct diligent inquiry pursuant to section 39–11–128(1)(a) prior to issuing the tax deed in favor of Bradford and requested the court to approve her declaration of invalid treasurer's deed. The Treasurer named Bradford, Solen, and Ibbotson as defendants.

¶ 11 Bradford counterclaimed against the Treasurer and cross-claimed against Solen and Ibbotson for a decree quieting title in the Parcel.[6] Solen and Ibbotson answered, and Solen cross-claimed against Bradford to quiet title in the Parcel.

¶ 12 Ultimately, the district court concluded:

There is no dispute that the Treasurer failed to determine all persons having title of record of the property and failed to provide notice to those persons, specifically ... Ibbotson. The evidence fully justifies that the Treasurer did not make "diligent inquiry" to locate ... Ibbotson. Had the Treasurer obtained title work for the mineral rights or checked the County Clerk and Recorder's records ... Ibbotson could have been served. Accordingly, the Treasurer's Deed issued on or about February 26, 2009 is invalid and void and the Declaration of Invalid Treasurer's Deed issued on August 23, 2013, is valid.

. . . .

" 'A void deed is a nullity, invalid ab initio, or from the beginning, for any purpose. It does not, and cannot, convey title, even if recorded.' " *Lake Canal Reservoir [Co. v. Beethe*, 227 P.3d 882, 887 (2010) ] (quoting *Delsas ex rel. Delsas v. Centex Home Equity Co.*, 186 P.3d 141, 144 (Colo.

App. 2008)). Additionally, the Treasurer is required to sell each separately assessed parcel as a single lien. [§ 39–11–108, C.R.S. 2015]. The tax lien encumbers the entire piece of property. [§ 39–11–115(1), C.R.S. 2015]. In this case ... Solen and ... Ibbotson each owned an undivided one-half interest in the parcel. Therefore, the parcel was sold for taxes as one parcel as evidenced by the Treasurer's Deed. Because the Court finds the Treasurer's Deed in this case void, it is void from the beginning and for any purpose.

¶ 13 The district court entered summary judgment in favor of the Treasurer, Solen, and Ibbotson. Bradford appeals.

## II. Standing

¶ 14 Initially we address Bradford's contention that Solen lacks standing in this action. "Standing is a component of subject matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit." *Maralex Res., Inc. v. Chamberlain*, 2014 COA 5, ¶ 8, 320 P.3d 399. "It is also a question of law which we review de novo." *Id.*

¶ 15 First, as to the declaratory judgment, Solen is a defendant and need not establish standing. *Mortg. Invs. Corp. v. Battle Mountain Corp.*, 70 P.3d 1176, 1182 (Colo. 2003) ("We have held that traditional standing principles do not apply to defendants.").

¶ 16 Second, as to Solen's cross-claim to quiet title, C.R.C.P. 105 governs actions concerning real estate.

An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties. The court may at any time after the entry of the decree

---

**6.** Bradford originally also brought claims for declaratory judgment and damages against the Treasurer. The district court granted the Treasurer's motion to dismiss those claims, and the case proceeded on the Treasurer's declaratory request, Bradford's counterclaim and cross-claim to quiet title, and Solen's cross-claim to quiet title. Bradford does not appeal that dismissal.

make such additional orders as may be required in aid of such decree.

C.R.C.P. 105(a).

¶ 17 "Parties in Colorado benefit from a relatively broad definition of standing.'" *Maralex Res.,* ¶ 9 (quoting *Ainscough v. Owens,* 90 P.3d 851, 855 (Colo. 2004)). "To demonstrate standing, a plaintiff must prove an injury-in-fact to a legally protected interest." *Id.* "[A] legally protected interest may be tangible or intangible. It may rest in property, arise out of contract, lie in tort, or be conferred by statute." *Id.* (alteration in original) (quoting *Barber v. Ritter,* 196 P.3d 238, 246 (Colo. 2008)).

¶ 18 Here, Solen claims ownership of the Parcel as a tenant in common with Ibbotson. Bradford also claims ownership of the Parcel. The purpose of C.R.C.P. 105 is to "resolv[e] competing claims that exist at a particular time" and to "grant 'full and adequate relief so as to completely determine the controversy.'" *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.,* 109 P.3d 604, 612 (Colo. 2005) (quoting 5 Cathy Stricklin Krendl, *Colorado Practice Series, Civil Rules Annotated* § 105.2 (3d ed. 1998), and C.R.C.P. 105). Property is a legally protected interest, *Maralex Res.,* ¶ 9, and Bradford's claim to the Parcel injures Solen's claim to that same Parcel. Consequently, Solen has established an injury-in-fact to a legally protected interest.

¶ 19 Third, Bradford cross-claimed against Solen to quiet title. As a defendant to that claim, Solen could argue any affirmative defense available to him. *See People ex rel. Simpson v. Highland Irrigation Co.,* 893 P.2d 122, 127 (Colo. 1995) ("[T]he only role for the defendants is to defend against the suit. The defendants' affirmative defense does not constitute an independent cause of action, but is a defensive claim only. Therefore, the rules for determining whether a plaintiff has standing are simply inapplicable to the defendants in this case."). This includes an affirmative defense that the statutory requirements of section 39–11–128(1)(a) were not complied with because all persons did not receive notice of the tax deed.

¶ 20 We therefore conclude Solen has established proper standing in the current action.

### III. Standard of Review

¶ 21 "A trial court's order granting ... summary judgment is subject to de novo review." *Oasis Legal Fin. Grp., LLC v. Coffman,* 2015 CO 63, ¶ 30, 361 P.3d 400. "Summary judgment is appropriate only if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting C.R.C.P. 56(c)). The material facts of this case are not in dispute.

### IV. Law and Analysis

¶ 22 "A presumption of regularity is applied to tax proceedings." *Schmidt v. Langel,* 874 P.2d 447, 449 (Colo. App. 1993). "Therefore, a treasurer's deed constitutes *prima facie* proof of the regularity of the tax proceedings which may then be rebutted by evidence showing a failure to follow statutory requirements." *Id.*; *see Bald Eagle Mining & Ref. Co. v. Brunton,* 165 Colo. 28, 32, 437 P.2d 59, 61 (1968) ("Until the applicable periods of limitation have expired, tax deeds, even though valid on their face, are subject to attack for irregularities in the proceedings.").

Condition precedent to deed—notice.

(1) Before any purchaser ... of a tax lien ... is entitled to a deed for the land ...:

(a) The treasurer shall serve ... a notice of such purchase on ... all persons having an interest or title of record in or to the same if, upon diligent inquiry, the residence of such persons can be determined....

§ 39–11–128. " 'Diligent' means a 'steady, earnest, attentive, and energetic application and effort in a pursuit'; as so defined, a 'diligent' inquiry is consistent with the legislative objective of § 39–11–128, to afford record owners an opportunity to redeem real property before it is lost through a treasurer's deed." *Schmidt,* 874 P.2d at 450

(quoting *Parkison v. Burley*, 667 P.2d 780, 782 (Colo. App. 1983)); *see Turkey Creek, LLC v. Rosania*, 953 P.2d 1306, 1313 (Colo. App. 1998) ("The purpose of § 39–11–128(1) is to forbid the issuance of a treasurer's deed unless notice is given to persons with an interest in the property, especially to those persons with a right to redeem.").

### A. The Treasurer's Deed is Voidable as to the Entire Assessed Parcel

¶ 23 Bradford contends the district court erred in concluding the tax deed issued to her was invalid and void. While we agree with Bradford that under *Lake Canal Reservoir Co. v. Beethe*, 227 P.3d 882, 886 (Colo. 2010), a tax deed is voidable, not void, for failure to conduct diligent inquiry, we ultimately conclude, as did the district court, that the tax deed issued to Bradford was voidable for failure to provide Ibbotson with notice.

¶ 24 In *Lake Canal*, the supreme court addressed conditions which make a tax deed void and those which make it voidable. The petitioners brought suit against the respondents to quiet title and to void a tax deed conveying a parcel of land to respondents. *Id.* at 883. The respondents argued the action was barred by the statute of limitations. *Id.* The district court disagreed, finding the tax deed to be void because the treasurer provided insufficient notice prior to issuing the deed. *Id.* Because the deed was void, the statute of limitations did not apply. *Id.* The court of appeals reversed, concluding the tax deed at issue was voidable, rather than void, because the tax deed was not void on its face. *Id.* The division therefore concluded the statute of limitations applied to petitioners' claims. *Id.* at 884. The supreme court affirmed on different grounds, holding "that the line between a void and a voidable tax deed does not depend on the nature of the evidence used to determine the deed's defect, but rather on the nature of the defect itself." *Id.*

¶ 25 The supreme court concluded that "a deed is void ... when the taxing entity had no jurisdiction or authority to issue the deed." *Id.* at 886. The court also concluded that inadequate notice under section 39–11–128 made a tax deed voidable, rather than void, because inadequate notice does not implicate jurisdiction or authority, but rather "the *manner* in which the authority was exercised." *Id.* at 889. Therefore, "the defects alleged by the petitioners—namely ... that notice of the tax sale was inadequate ...—do not challenge the authority or jurisdiction of the taxing entity." *Id.* at 884.

¶ 26 We agree with Bradford that *Lake Canal* clarified prior caselaw holding that "[t]he requirements of the [notice] section are jurisdictional." *Brown v. Davis*, 103 Colo. 110, 112, 83 P.2d 326, 327 (1938); *see Concord Corp. v. Huff*, 144 Colo. 72, 77, 355 P.2d 73, 76 (1960); *Siler v. Inv. Sec. Co.*, 125 Colo. 438, 444, 244 P.2d 877, 880 (1952) ("There must be a full compliance with the statutory requirements relating to notice of application for issuance of treasurer's deed, and if a noncompliance with any such statutory direction is shown, the treasurer's deed will be adjudged invalid."); *see also Turkey Creek*, 953 P.2d at 1313 ("The requirements of § 3911–128(1) have been determined to be jurisdictional, and less than full compliance with the statute may invalidate a treasurer's deed."); *Siddoway v. Ainge*, 34 Colo.App. 210, 212, 526 P.2d 669, 670 (1974) (same), *aff'd*, 189 Colo. 173, 538 P.2d 110 (1975); *Sheesley v. Voorhees*, 24 Colo.App. 428, 432, 134 P. 1008, 1010 (1913) (same). While the court in *Lake Canal* did not expressly overrule these opinions, its ultimate conclusion that failure to provide sufficient notice "challenge[s] the *manner* in which the authority was exercised, but not the authority *itself*," making the deed at issue "voidable, rather than void," 227 P.3d at 889–90, departs significantly from those cases cited above.

¶ 27 We are unpersuaded by the Treasurer's argument that insufficient notice is distinguishable from diligent inquiry and consequently *Lake Canal* did not depart from prior precedent. First, the cases cited above address both diligent inquiry and notice. *See Concord Corp.*, 144 Colo. at 77, 355 P.2d at 75 ("There must be a full compliance with the statutory requirements relating to *notice* of application for issuance of treasurer's deed ...." (quoting *Siler*, 125 Colo. at 444, 244 P.2d at 880)) (emphasis added); *Brown*, 103

Colo. at 112, 83 P.2d at 327. Second, per section 39–11–128, notice is only sufficient when the treasurer conducts diligent inquiry prior to issuing a tax deed. To that end, insufficient notice and diligent inquiry are tied together by the statute; when the treasurer fails to conduct diligent inquiry, there has been insufficient notice.

¶ 28 We disagree that *Lake Canal* should be limited to applications of the statute of limitations. Rather, the supreme court expressly cited to cases which held, outside the statute of limitations context, that failure to provide sufficient notice made a treasurer's deed "voidable, not void." *Wright v. Yust*, 118 Colo. 449, 451, 195 P.2d 951, 952 (1948); *Phillips v. City & Cty. of Denver*, 115 Colo. 532, 534, 175 P.2d 805, 806 (1946).

¶ 29 And to the extent the Treasurer, Solen, and Ibbotson rely on *Cordell v. Klingsheim*, 2014 COA 133, ¶ 8, —— P.3d —— (*cert. granted* June 15, 2015),[7] for the proposition that post-*Lake Canal* section 39–11–128 "is jurisdictional, and anything less than full compliance voids a treasurer's deed," we are not obligated to follow other divisions of this court. *See People v. Bondsteel*, 2015 COA 165, ¶ 14, —— P.3d ——.

■ ¶ 30 However, "[a] tax deed that is not void may still be voidable, so long as the claim to recover property is brought within the applicable statute of limitations." *Lake Canal*, 227 P.3d at 886.

■ ¶ 31 Here, it is undisputed that this action was commenced within the applicable statute of limitations. Therefore, while the tax deed at issue is not void because the Treasurer failed to conduct diligent inquiry, it is *voidable*. "[A] voidable deed conveys

property and creates legal title *unless, and until, it is set aside by the court*." *Id.* at 887 (emphasis added) (quoting *Delsas*, 186 P.3d at 144).

¶ 32 To that end, while Bradford is correct that the Treasurer could not unilaterally declare the tax deed issued to her invalid, when the Treasurer sought district court approval of that action in this lawsuit, the district court was able to exercise its authority to set aside the tax deed. *See Blood v. Qwest Servs. Corp.*, 224 P.3d 301, 329 (Colo. App. 2009) (court of appeals "can affirm on any ground supported by the record"), *aff'd*, 252 P.3d 1071 (Colo. 2011).

¶ 33 And while "[t]he determination whether the statutory requirements have been sufficiently satisfied is a question for the trier of fact to decide," *Turkey Creek*, 953 P.2d at 1313, here the parties stipulated to the fact that the Treasurer failed to use diligent inquiry prior to issuing the tax deed to Bradford.[8]

¶ 34 In sum, because the statutory requirements of section 39–11–128(1) were not complied with, the district court properly voided the tax deed given to Bradford.

### B. A Tenant In Common Who Redeems From a Tax Sale Does So For the Benefit of All Cotenants

¶ 35 Bradford further contends the district court erred in concluding that as tenants in common, Ibbotson and Solen were entitled to quiet title in the Parcel. Particularly, Bradford argues Solen and Ibbotson own separate, distinct fifty-percent interests in the assessed Parcel and that each interest held by a tenant in common must be assessed as a

---

7. We also note that *Lake Canal Reservoir Co. v. Beethe*, 227 P.3d 882 (Colo. 2010), is not addressed by the division in *Cordell v. Klingsheim*, 2014 COA 133, —— P.3d —— (*cert. granted* June 15, 2015).

8. Below and on appeal Bradford argues that she pleaded affirmative defenses creating genuine issues of material fact. The record discloses that Bradford provided no affidavits or other evidence in support of her affirmative defenses in response to the Treasurer's and Solen's motions for summary judgment. "[A]n adverse party may not rest upon the mere allegations or denials of the opposing party's pleadings, but the

opposing party's response by affidavits or otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." C.R.C.P. 56(e); *see Schultz v. Wells*, 13 P.3d 846, 848 (Colo. App. 2000) (holding the failure to provide support for an affirmative defense warranted summary judgment). Therefore, we perceive no error in the district court's conclusion that no genuine issue of material fact existed precluding summary judgment. *See Sullivan v. Davis*, 172 Colo. 490, 495, 474 P.2d 218, 221 (1970) (a genuine issue cannot be raised by counsel simply by means of argument).

separate parcel. Because Solen received notice of the outstanding taxes and the requested tax deed, Bradford claims Solen is estopped from challenging her title under the tax deed. We perceive no error by the district court.

¶ 36 "A tenancy in common is a form of ownership in which each co-tenant owns a separate fractional share of *undivided property*." *Taylor v. Canterbury*, 92 P.3d 961, 964 (Colo. 2004) (emphasis added); *see Huber v. Kenna*, 205 P.3d 1158, 1161 (Colo. 2009). Under section 39–11–115(1), "[e]ach tax lien shall be sold for *an entire piece of property*." (Emphasis added.) And under section 39–11–108, the treasurer "shall sell a single tax lien on" any lots or tracts of land assessed as one parcel. *See Newcomb v. Henderson*, 22 Colo.App. 167, 169, 122 P. 1125, 1126 (1912) (holding the sale of parcels of body of land assessed as a whole was in violation of the statute). The assessor, not the treasurer, creates tax parcels and assesses property taxes. §§ 39–5–101 to –206, C.R.S. 2015 (valuation and taxation); *see* § 39–5–101 ("The assessor shall list all taxable real and personal property located within his county...."). "Each tract or parcel of land ... shall be separately appraised and valued ...." § 39–5–104, C.R.S.2015; *see Mitchell v. Espinosa*, 125 Colo. 267, 276, 243 P.2d 412, 416 (1952) ("[F]rom and after the date or severance of the oil rights, there were two separate and distinct freehold estates in the property which theretofore had been assessed as a unit. Each of these estates became subject to separate assessment.") (citation omitted).

¶ 37 Bradford misperceives the language of section 39–5–104, arguing that it requires that Solen's and Ibbotson's undivided interests had to be separately assessed. That section provides that each tract or parcel must be appraised and valued except where adjoining parcels are owned by the same person. That section has no application here because Solen and Ibbotson do not own distinct, separate parcels. They each own an undivided interest in the entire assessed Parcel where each is entitled to occupy the whole, but only to the extent of his or her respective interest. Nothing in section 39–5–104 requires the Assessor to assess fractional mineral interests separately.

¶ 38 The Parcel is an undivided fifty-percent interest in mineral rights on and under the surface estate. Prior to the issuance of the tax deed, Solen and Ibbotson each owned an *undivided* one-half interest in the assessed Parcel. When the Treasurer issued the tax deed in favor of Bradford, the deed purported to convey the entire Parcel. Once the deed was voided, either Ibbotson or Solen or both could redeem the Parcel. § 39–12–103(1), C.R.S. 2015 ("Real property for which a tax lien was sold .... may be redeemed by the owner ... or by any person having a legal or equitable claim therein....").

> Cotenants stand in such a relation of mutual trust and confidence towards each other that, as a general rule, the perfection of the common title through the purchase by one of an outstanding title to the common property inures to the benefit of his cotenants, and the title so acquired is held in trust for the latter to the extent of his interest in the premises if he elects within a reasonable time to contribute his share of the expenses necessarily incurred in the acquisition of the outstanding title, unless he has repudiated the relation, or is estopped from claiming his rights.

*Harrison v. Cole*, 50 Colo. 470, 477–78, 116 P. 1123, 1126 (1909); *cf. Jennings v. Bradfield*, 169 Colo. 146, 148, 454 P.2d 81, 82 (1969) (holding when parcels are separately assessed, a tenant in common may pay a cotenant's taxes and receive a tax lien entitling him or her to a tax deed).

¶ 39 Bradford has provided us with no authority, and we have found none, in which an assessor was required to assess each interest held by a tenant in common separate from other cotenants. In effect, the statutory scheme and caselaw require (1) the assessor to assess severed mineral interests separately and (2) the treasurer to collect taxes on those interests and to sell those interests as a whole for failure to pay the taxes. When those interests are owned by cotenants, redemption by any cotenant redeems for all cotenants.

¶ 40 It is unnecessary for us to conclude whether Solen is estopped from redeeming

his undivided interest in the Parcel because the record establishes that Ibbotson was willing and ready to redeem. Therefore, when the district court quieted title in Ibbotson and Solen, it was simply following the statutory scheme to determine ownership of the Parcel.

¶ 41 We perceive no merit to Bradford's remaining policy arguments that there is a modern trend of confirming tax deeds and that priority is given to surface estate owners in acquiring severed mineral interests. *See* § 39–11–150, C.R.S. 2015 ("[W]here the surface estate ownership is coterminous with the severed mineral interest, the owner of the surface estate shall have the right of first refusal to purchase the tax lien on the severed mineral interest...."); *Lake Canal,* 227 P.3d at 888 n.9 ("[T]he current statutory regime, with its emphasis on confirming tax deeds, no longer predicates jurisdiction on strict compliance with statutory recitals."). Those policies may both be valid, but here we have a voidable tax deed which was declared void and a request by the owners of the Parcel that they receive quiet title in their names. Thus, public policy is inapplicable here.

## V. Conclusion

¶ 42 To summarize, a tax deed issued without the treasurer conducting diligent inquiry pursuant to section 39–11–128 is voidable and subject to being set aside by a court. And when such a deed is voided by a court, a tenant in common who redeems the subject property does so for the benefit of all cotenants.

¶ 43 Accordingly, the district court's judgment voiding the tax deed in this case and quieting title in favor of Solen and Ibbotson is affirmed.

JUDGE DAILEY and JUDGE NIETO * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and